**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEAN CLAIR MARKELL,

   Plaintiff - Appellant,

  v.

KAISER FOUNDATION HEALTH
PLAN OF THE NORTHWEST

   Defendant - Appellee.

No. 09-36007

D.C. No. 3:08-cv-00752-MFM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Argued and submitted November 5, 2010
Portland, Oregon

Before: W. FLETCHER and FISHER, Circuit Judges, and JONES, District
Judge.[**]

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The Honorable James P. Jones, United States District Judge for the
Western District of Virginia, sitting by designation.

The district court granted summary judgment in favor of Kaiser Foundation Health Plan of the Northwest ("Kaiser") on appellant Jean Clair Markell's claim that Kaiser violated the Age Discrimination in Employment Act of 1967. We affirm.

Under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), burden-shifting framework, a plaintiff must present a prima facie case of discrimination and a triable issue of material fact as to pretext if the employer offers a nondiscriminatory explanation for termination.

Markell argues that her statements and two supporting affidavits of former Kaiser employees provide such evidence. Even assuming that the affidavits were admissible, they do not overcome Kaiser's nondiscriminatory explanation for Markell's termination or provide evidence that Markell was performing her job to Kaiser's satisfaction. Markell concedes that she copied confidential patient records, both of her own patients and of patients not under her care, and that she took these records home with her. These actions violated Kaiser's internal policies and potentially subjected Kaiser to liability under federal law.

In order to overcome such a nondiscriminatory reason for termination, Markell needed to provide "specific and substantial" evidence to show that Kaiser's reason was pretextual. *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002). She did not meet this burden.

Significant factual disparities exist between the facts surrounding Markell's termination and the facts asserted by the two former employees in the affidavits. Especially in view of Markell's prior disciplinary record, the affidavits do not present circumstances similar enough to allow the district court to find a triable issue of fact as to whether Markell was performing her job satisfactorily or to show pretext.

Prior to suit, a labor arbitrator found that Kaiser had good cause to fire Markell. However, because it is not necessary to answer Kaiser's collateral estoppel argument to decide this case, we decline to do so.

**AFFIRMED.**